IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| HARRY RONALD SEAY, | ) | |
| | ) | **ORDER,** |
| Petitioner, *pro se,* | ) | **MEMORANDUM OPINION** |
| | ) | **AND RECOMMENDATION** |
| v. | ) | |
| | ) | |
| E. K. CAULEY, | ) | 1:11CV353 |
| | ) | |
| Respondent. | ) | |

This matter is before the court primarily on Respondent's motion for summary judgment (docket no. 6). Pro se petitioner Harry Ronald Seay has responded and the matter is ripe for disposition. The parties have not consented to the jurisdiction of the magistrate judge, and the motion must therefore be dealt with by way of recommendation. For the following reasons, it will be recommended that the court grant Respondent's motion for summary judgment .

**I. Background**

According to the facts set out in the petition, Petitioner was charged in January 1999 with felony stalking in violation of North Carolina law. Following a stay in a mental institution, Petitioner was returned for trial. Then, on December 6, 1999, he pled no contest to the charge and received a prayer for judgment continued. He alleges that he believed at that time, based on assurances from his attorney, that the

conviction would not stay on his record as a felony. Petitioner did not appeal the conviction. (Docket No. 2, § 12, Additional Pages.)

As it turned out, the prayer for judgment did stay on Petitioner's record, it was counted as a felony conviction, and it was used to increase a federal sentence that he received in the District of South Carolina. That sentencing was held on September 18, 2007. (*Id.*, § 18.) Thereafter, on July 20, 2009, Petitioner filed a motion for appropriate relief in the state trial court (docket no. 7, exs. 4, 8). When this was denied, he sought certiorari from the North Carolina Court of Appeals (*id.*, ex. 10). His certiorari petition was denied on August 31, 2010 (*id.*, ex. 12). Finally, on April 27, 2011, Petitioner signed his current habeas petition and mailed it to this court. It was received by the court on May 6, 2011.

## II. Claims

Petitioner raises only two claims for relief in his petition. First, he alleges that his no contest plea to the felony stalking charge was not knowing or voluntary because he did not understand that it would remain on his record as a felony conviction. Second, he alleges that he received ineffective assistance of counsel because his attorney incorrectly advised him that the prayer for judgment continued would not count as a conviction.

### III. Discussion

Respondent requests dismissal on the ground that the petition was filed[1] beyond the one-year limitation period imposed by 28 U.S.C. § 2244(d)(1). In order to assess this argument, the court first must determine when Petitioner's one-year period to file his Section 2254 petition commenced. In this regard, the United States Court of Appeals for the Fourth Circuit has explained that:

> Under § 2244(d)(1)(A)-(D), the one-year limitation period begins to run from the latest of several potential starting dates:
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

---

[1] "In [*Houston v. Lack*, 487 U.S. 266 (1988)], the Supreme Court held that a *pro se* prisoner's notice of appeal is filed on the date that it is submitted to prison officials for forwarding to the district court, rather than on the date that it is received by the clerk." *Morales-Rivera v. United States*, 184 F.3d 109, 110 (1st Cir. 1999). At least eight circuits "have applied th[is] prisoner mailbox rule to [establish the 'filing' date of] motions under 28 U.S.C. § 2254 or § 2255." *Id.* at 110-11 & n.3. In two published opinions issued since that consensus emerged, however, the United States Court of Appeals for the Fourth Circuit has declined to decide whether the prison mailbox rule applies in this context. *See Allen v. Mitchell*, 276 F.3d 183, 184 n.1 (4th Cir. 2001) ("Allen's petition was dated March 9, 2000, and it should arguably be treated as having been filed on that date. *Cf. United States v. Torres*, 211 F.3d 836, 837 n.3 (4th Cir. 2000) (declining to decide whether prison mailbox rule applies to filing of federal collateral review applications in district court). We take no position on that question here."); *but see Smith v. Woodard*, 57 Fed. Appx. 167, 167 n.* (4th Cir. 2003) (implying that *Houston*'s rule governed filing date of § 2254 petition); *Ostrander v. Angelone*, 43 Fed. Appx. 684, 684-85 (4th Cir. 2002) (same). Because the difference between the date Petitioner signed his petition (i.e., the earliest date he could have given it to prison officials for mailing) and the date the Clerk received it would not affect disposition of the timeliness issue, the court declines to consider this matter further.

recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Green v. Johnson*, 515 F.3d 290, 303-04 (4th Cir. 2008) (emphasis added).

The record does not reveal any basis for concluding that subparagraphs (B) or (C) of Section 2244(d)(1) apply in this case. Nevertheless, the other two subparagraphs may apply and bear further discussion.

Under subparagraph (A), Petitioner's one-year limitation period commenced on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," 28 U.S.C. § 2244(d)(1)(A). The court thus must ascertain when direct review (or the time for seeking direct review) of Petitioner's underlying conviction ended. The judgment on Petitioner's stalking conviction was entered on December 6, 1999, and he did not appeal. This means that his conviction became final in mid December 1999. N.C.R. APP. P. 4(a) (ten days to file an appeal, later amended to fourteen days). Petitioner's year to file his habeas petition then began to run at that time and expired in December 2000. Because the petition was not filed until, at the earliest, April 2011, it was well out of time.

It is also true that Petitioner sought post-conviction review in the state courts and that the one-year limitation period is tolled for "the entire period of state

post-conviction proceedings, from initial filing to final disposition by the highest court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)." *Taylor v. Lee*, 186 F.3d 557, 561 (4th Cir. 1999). Unfortunately for Petitioner, his time to file in this court expired well before he made his first state filing by submitting his motion for appropriate relief in 2009. Filings made after the limitations period has ended do not revive or restart it. *Minter v. Beck*, 230 F.3d 663, 665 (4th Cir. 2000). Therefore, the petition is still untimely under Section 2244(d)(1)(A).

Petitioner also appears to make an argument in his petition that he could not discover the facts underlying his claim until well after his conviction became final (docket no. 2, § 18). Assuming for the sake of argument that this is correct, subparagraph (D) would apply to give Petitioner a later filing date; however, the petition is still untimely. By at least September 18, 2007, when Petitioner was allegedly given the increased federal sentence based on his 1999 stalking conviction, it would have been apparent to Petitioner that the prayer for judgment continued was being treated as a felony conviction. Still, he made no filing in this court for three and a half years and no filing in the state courts for nearly two years. Therefore, even if his time to file his habeas petition began to run on September 18, 2007, his petition was filed well out of time.

Petitioner also states in his petition that he was unaware of the law surrounding his conviction and that he was diligent in learning the law following his

federal conviction (docket no. 2, § 18). This appears to be an argument seeking equitable tolling. The Supreme Court has determined that the one-year limitation period is subject to equitable tolling. *Holland v. Florida*, ___ U.S. ___, 130 S. Ct. 2549, 2562 (2010). Equitable tolling may apply when a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Unfortunately for Petitioner, however, unfamiliarity with the legal process and lack of representation do not constitute grounds for equitable tolling. *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004). For that reason, he is not entitled to equitable tolling. His petition was not timely filed, and Respondent's motion for summary judgment should be granted.

In addition to Respondent's motion for summary judgment, there are also three other pending motions in the case. Petitioner has filed a motion to amend his petition (docket no. 9), a motion to appoint counsel (docket no. 10), and a motion to appoint counsel and hold an evidentiary hearing (docket no. 11). Given that the petition is not timely and that Respondent's motion for summary judgment will be granted, there is no need to appoint counsel or hold an evidentiary hearing. Furthermore, Petitioner's motion to amend asks only to amend the relief requested. It does not seek to add a claim or, more important, attempt to add anything that would change the fact that the petition is time-barred. For those reasons, all of Petitioner's motions will be denied.

**IT IS THEREFORE ORDERED** that Petitioner's motions to amend his petition (docket no. 9), to have counsel appointed (docket no. 10), and to have counsel appointed and an evidentiary hearing held (docket no. 11) are **DENIED.**

**IT IS RECOMMENDED** that Respondent's motion for summary judgment (docket no. 6) be **GRANTED** and that the petition be **DISMISSED**.

_____
WALLACE W. DIXON
United States Magistrate Judge

Durham, N.C.
September 7, 2011